UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RONNIE JOHNS,

        Plaintiff,                      Case No. 2:12-cv-194

v.                                        Honorable R. Allan Edgar

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

        Defendants.
_____/

**MEMORANDUM AND ORDER**

On May 31, 2013, U.S. Magistrate Judge Timothy P. Greeley entered a Report and Recommendation ("R&R") in this case, in which he recommended that Defendants' motion for summary judgment be granted and this case be dismissed with prejudice. Doc. No. 42. Magistrate Judge Greeley further recommended that Plaintiff's pending motions be denied.

Plaintiff has filed objections to the R&R. Doc. No. 44. This Court is required to make a de novo determination of those portions of the R&R to which objections have been filed, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a).

Plaintiff filed this suit against Defendants Martin and Jones for violations of his First Amendment rights and his rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA). Plaintiff's complaint alleges that he was improperly denied the strict vegetarian Buddha diet. In the R&R, Magistrate Judge Greeley stated the following:

> [D]efendants and the MDOC have chosen to test prisoners' religious sincerity prior to approving a religious diet. The court recognizes that this is a difficult task. Each request must be based solely on the prisoner's sincerity for the religion and not on a judgment of the prisoner's particular belief. In this case, defendants asked plaintiff three questions and determined that plaintiff's answers did not show a sincere belief in Buddhism. If that was the only factor that defendants used to deny plaintiff his meal request, summary judgment would not be appropriate. Defendants also examined plaintiff's store purchases. Plaintiff's store purchases clearly contradicted his religious beliefs. Plaintiff purchased numerous meat items from the store. Even if plaintiff can casually explain that the purchases were for trade to other inmates and not for his own consumption, plaintiff's behavior exhibits a lack of religious sincerity. As plaintiff explained, the killing of animals is against his beliefs and is the primary reason why he sought a vegetarian diet. Plaintiff cannot excuse his conduct which clearly established a lack of sincerity. If plaintiff truly believed at the time he requested the Buddhist diet that animals should not be killed, then he would not have purchased meat products for any reason at the prison store. In the opinion of the undersigned, defendants made an appropriate determination that plaintiff was not entitled to a religious diet based upon the totality of factors known by them at the time of their decision. In the opinion of the undersigned, since the defendants made an appropriate and reasonable determination of plaintiff's sincerity when he requested a Buddhist diet, plaintiff's rights under the RLUIPA and the First Amendment were not violated.

Doc. No. 42, pp. ID 349-50. In his objections, Plaintiff asserts that it is his understanding that eating, not purchasing, "so-called meat products" is a violation of the Buddhist teachings. Notably, Plaintiff does not assert that he did not eat the products. Plaintiff also asserts that he believed the products, which include tuna, ramen chicken noodles, ramen beef noodles, ramen chili soup, beef summer sausage, and iced honey buns, were "procesed" meat that was "man-made" and therefore not violative of Buddhist teachings. This argument strains belief. However, even assuming it is true, Defendants had to make a decision, considering the totality of the circumstances, as to whether Plaintiff had

2

demonstrated a sincere belief in Buddhism.  By showing that this decision was made based on Plaintiff's purchase of those products along with his responses to the interview, Defendants have established their entitlement to summary judgment on Plaintiff's claims.

Plaintiff's objections [Doc. No. 44] are without merit and are DENIED.  Magistrate Judge Greeley's R&R [Doc. No. 42] is APPROVED and ADOPTED as the opinion of the Court pursuant to 28 U.S.C. § 636(b)(1) and W.D. Mich. L. Civ. R. 72.3(b).  Defendants' motion for summary judgment [Doc. No. 28] is GRANTED.  Plaintiff's case is DISMISSED WITH PREJUDICE in its entirety.  Plaintiff's motion for a preliminary injunction [Doc. No. 32]; and motion for waiver of bond [Doc. No. 31] are DENIED.  A Judgment consistent with this Memorandum and Order will be entered.

SO ORDERED.


Dated:     9/23/2013                              /s/ R. Allan Edgar
                                                  R. Allan Edgar
                                                  United States District Judge